UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATE OF AMERICA,**

                                        **Civil Action 2:17-cr-54 (3)**
                                        **Judge James L. Graham**
      **v.**                             **Magistrate Judge Chelsey M. Vascura**

**CHARLEE MITCHELL,**

## ORDER

This matter came before the Court for a bond revocation hearing on November 9, 2017. As the record in this case reveals, Defendant Charlee Mitchell appeared before the Court for her initial appearance on April 14, 2017, and was released on her own recognizance under Pretrial Services supervision with various conditions of release, including that she refrain from committing any federal, state, or local law while on release. (ECF No. 6.) On November 2, 2017, the Government filed a Motion to Revoke Defendant's bond, alleging that Defendant has violated federal law while on release. (ECF No. 109.) For the reasons that follow, the Government's Motion is **GRANTED**.

Pursuant to 18 U.S.C. § 3148, a person who has been released on bond under 18 U.S.C. § 3142 and has violated a condition of his or her release is subject to having bond revoked. Section 3148(b) provides as follows:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer–
>
> (1)    finds that there is--

(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

(B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that--

(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. . . .

18 U.S.C. § 3148(b).

The evidence adduced at the revocation hearing establishes probable cause that Defendant Mitchell committed a federal crime. Consequently, there is a rebuttable presumption that no condition or set of conditions will ensure the safety of the community. 18 U.S.C. § 3148(b)(2)(B). Defendant did not overcome this presumption. Moreover, because the evidence establishes that Defendant continued the illegal, fraudulent scheme for which she was already indicted, she is unlikely "to abide by any condition or combination of conditions of release" should her bail not be revoked. *Id.* Under these circumstances, revocation of Defendant's release is warranted.

**IT IS THEREFORE ORDERED** that the bond previously set in this matter is **REVOKED** and that Defendant Mitchell is **ORDERED DETAINED** until further Order of this

Court.

**IT IS SO ORDERED.**

                                                    /s/ *Chelsey M. Vascura*
                                                    CHELSEY M. VASCURA
                                                    UNITED STATES MAGISTRATE JUDGE